UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS LEFKER, Jr. and      :
RACHEL LEFKER,              :
                            :      NO. 1:10-CV-00350
        Plaintiffs,         :
                            :
    v.                      :      **OPINION & ORDER**
                            :
I-FLOW CORPORATION,         :
                            :
        Defendant.          :

This matter is before the Court on Defendant's Motion to Dismiss Third and Fifth Causes of Action (doc. 7), Plaintiffs' opposition thereto (doc. 11) and Defendant's reply in support thereof (doc. 13). The Court heard arguments on the motion on November 10, 2010. For the following reasons, the Court DENIES Defendant's motion (doc. 7).

## I.   Background

In this diversity action, Plaintiff Thomas Lefker seeks damages for injuries allegedly caused by the use of a pump manufactured by Defendant I-Flow that was used to dispense pain medication on his joint after shoulder surgery in 2007 and again in 2008 (doc. 1). He alleges that he developed chondrolysis as a result of the continuous infusion of pain medication on his shoulder joint via the I-Flow pump after the two surgeries, which will require additional surgery, including a complete shoulder joint replacement (<u>Id</u>.). Plaintiffs' complaint includes claims for strict liability, negligence, breach of warranty, loss of

consortium and punitive damages (<u>Id</u>.).

With respect to the breach of warranty claim, Defendant contends that it is precluded by Ohio's product liability act. Specifically, Defendant reads the breach of warranty claim as being a claim for the implied breach of warranty of merchantability and fitness for particular use, and Ohio's Product Liability Act, O.R.C. 2307.71 <u>et</u> <u>seq</u>., preempts any UCC-based claims for breach of implied warranty of merchantability or intended use (doc. 7, citing <u>Barrett v. Waco Int'l</u>, 123 Ohio App. 3d, 1 702 N.E.2d 1216, 1997 Ohio App. LEXIS 3680 (8th App. Dist. 1997)("Ohio product liability statutes preempt warranty claims concerning products which seek damages for bodily injury"); <u>Luthman v. Minster Supply Co.</u>, 2008 Ohio 165, 2008 Ohio App. LEXIS 139 (3rd App. Dist. 2008) ("Product liability claims are subject to the provisions in R.C. 2307.71 to R.C. 2307.79")).

In response, Plaintiffs note that Ohio's Product Liability Act does not preclude breach of express warranty claims but, instead, codified such claims at O.R.C. § 2307.77 (doc. 11, citing, <u>inter</u> <u>alia</u>, <u>White v. DePuy, Inc</u>., 718 N.E.2d 450, 485 (Ohio Ct. App. 1998)("The common law breach of express warranty was codified at R.C. 2307.77.")). Plaintiffs contend that their complaint raises a claim for breach of express warranty under the Product Liability Act and not a claim for breach of implied warranty under the UCC as Defendant asserts. Furthermore,

Plaintiffs note that their complaint is virtually identical to all of the other I-Flow cases that have come before the Court, each of which has survived in its entirety, even through summary judgment, up until the cases settled (Id., citing Schott v. I-Flow Corp., 1:08-cv-00323; West v. I-Flow Corp., 1:09-cv-00098; Mitchener v. I-Flow Corp., 1:09-cv-00155; and Muzik v. I-Flow Corp., 1:08-cv-818). If, however, the Court finds that Plaintiffs did not sufficiently plead a violation of an express warranty, Plaintiffs argue that the proper remedy is to allow them to amend their complaint, not to dismiss the claim.

With respect to Plaintiffs' claim for punitive damages, Defendant moves to dismiss on the basis that the claim fails to meet the Iqbal/Twombly threshold (doc. 7, citing Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Specifically, Defendant contends that Ohio law holds that to recover punitive damages a plaintiff must establish that his injury was the result of misconduct that manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, see O.R.C. 2307.80(c)(1), but that Plaintiffs do not set forth any facts in their complaint that would support a showing of "flagrant disregard." Indeed, Defendant contends Plaintiffs' complaint contains merely "conclusory and formulaic recitations" and that the only factual assertion Plaintiffs make in their complaint to support their claim for punitive damages is that

3

Defendant had actual knowledge that the pump could cause injury, which, Defendant argues, is insufficient because the Court cannot plausibly infer "flagrant disregard" from that fact.

Plaintiffs note that the Court previously denied I-Flow's motion for summary judgment as to punitive damages in <u>Schott v. I-Flow Corp.</u>, 1:08-cv-00323, finding that a reasonable fact-finder could conclude that an award of punitive damages was justified under substantially similar circumstances (doc. 11). Here, Plaintiffs contend that they have alleged that I-Flow had knowledge of the risk of chondrolysis, that it chose to withhold that information from the orthopedic community, that it refused to conduct safety testing or limit its marketing tactics, and that Defendant is on notice of Plaintiffs' ground for their claim to punitive damages "with enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]," which is what <u>Twombly</u> requires.

In reply, Defendant argues that Plaintiffs' warranty claim should be dismissed with prejudice because amendment would be futile since Plaintiffs "admitted" that they do not know of the content of any alleged express warranty (doc. 13). Regarding the punitive damages issue, Defendant contends that Plaintiffs needed to have cited the specific scientific studies that demonstrated a confirmed link between the pain pump and chondrolysis, when they were published and that I-Flow knew of them, in order to comply

4

with the "specificity requirements" of <u>Iqbal</u> and <u>Twombly</u> (<u>Id</u>.).
Defendant does not address the fact that the Court held, in denying
summary judgment to Defendant in earlier cases, that a reasonable
fact-finder could conclude that an award of punitive damages is
justified.  However, at the hearing, Defendant argued that
decisions by the Court in other cases are not instructive here
because both the procedural posture and the facts are different
from those earlier cases.

## II.  The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6) requires the Court to determine whether a
cognizable claim has been pled in the complaint.  The basic federal
pleading requirement is contained in Fed. R. Civ. P. 8(a), which
requires that a pleading "contain . . . a short and plain statement
of the claim showing that the pleader is entitled to relief."
<u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976); <u>Erickson v.
Pardus</u>, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the
Court must construe all well-pleaded facts liberally in favor of
the party opposing the motion.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232,
236 (1974).  A complaint survives a motion to dismiss if it
"contain[s] sufficient factual matter, accepted as true, to state
a claim to relief that is plausible on its face."  <u>Courie v. Alcoa
Wheel & Forged Products</u>, 577 F.3d 625, 629-30 (6th Cir. 2009),
<u>quoting</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under

6

some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

## III. Discussion

As an initial matter, the Court notes that at the hearing, Defendant asserted that it was moving the Court to dismiss Plaintiffs' negligence, breach of warranty, loss of consortium and punitive damages claims. However, in its motion to dismiss, Defendant moved the Court to dismiss only the breach of warranty and the punitive damages claims (doc. 7). The Court does not issue advisory opinions, and it is fundamentally unfair to Plaintiffs to ask the Court to decide an issue not presented in the filings before the Court. Therefore, the Court will only address and decide the motion pending before it.

With respect to Count III, the breach of warranty claim,

Defendant reads Plaintiffs' complaint as setting forth a claim for breach of implied warranty, which, if so, would be precluded by the OPLA. Plaintiffs, on the other hand, assert that the complaint sets forth a claim for breach of an express warranty, which does fall within the ambit of the OPLA. While this difference in interpretation could have been avoided had Plaintiffs cited to the OPLA in their complaint, such omission is not reason to dismiss the claim.

The complaint reads in relevant part: "By intentionally promoting and knowingly selling the I-Flow pain pump for use in infusing local anesthetics into the shoulder following surgery, Defendant I-Flow warranted to the Plaintiff Thomas Lefker, Jr. that its products were merchantable, that they were proven safe and effective for use, that they were properly labeled, and that they contained proper instructions for their intended use" (doc. 1). The complaint does not contain the exact language of a representation alleged to have been made by Defendant, but it does set forth facts from which the Court may plausibly infer that a representation was made and that the pump did not conform to that representation, which is all that is required by Ohio Rev. Code Section 2307.77 at the pleading stage. <u>See</u> Ohio Rev. Code § 2307.77 ("A product is defective if it did not conform, when it left the control if its manufacturer, to a representation made by that manufacturer.").

Regarding Plaintiffs' punitive damages claim, Count V, the Court is unmoved by Defendant's arguments. The complaint alleges that Defendant failed to warn against placing the catheter tip of the pump in the intra-articular space of the joint and actively marketed it and instructed physicians for use that way despite having conducted no safety tests or clinical trials to determine the safety of the device (doc. 1). In addition, the complaint alleges that Defendant did this with actual knowledge of studies and reports discussing the risk of chondrolysis from prolonged exposure of the cartilage to the pain medication dispensed by the pump and with actual knowledge that the Food and Drug Administration had decided not to clear the pump for such use (Id.).

Defendant asserts that Plaintiffs needed to have set forth "with the specificity required by Iqbal and Twombly" the dates and names of the studies and reports. And, at the hearing, Defendant stated that the cases require Plaintiffs to set forth in the complaint both how and why Defendant knew its product was unsafe.

The Court finds Defendant's reading of Iqbal and Twombly to require such detailed specificity in the complaint to be in error. In fact, the majority in Twombly stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."

9

550 U.S. at 570.  Defendant's assertion that Plaintiffs' punitive damages claim must fail because it does not include the names and dates of studies showing the dangers possible with the use of the pain pump is simply not supported by, let alone required by, the case law.  If the Court were to require Plaintiffs to have all evidence available to them before they file their complaint and to set forth that evidence in the complaint, the well-established rules and processes of discovery would be rendered utterly unnecessary.  Evidentiary support such as that demanded by Defendant is simply not necessary at this stage in the proceedings, and the Court does not read <u>Iqbal</u> and <u>Twombly</u> to impose that requirement on plaintiffs.

The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u> 129 S.Ct. at 1949, citing <u>Twombly</u> 550 U.S. at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u> 550 U.S. at 555.  Here, Plaintiffs' claim for punitive damages goes well beyond a "defendant-unlawfully-harmed-me accusation." The complaint alleges that Defendant failed to conduct safety tests or clinical trials, knew that the FDA had repeatedly failed to clear the pump for the very use Defendant then marketed and sold the pump for, and that Defendant was aware of the connection between chondrolysis and the

use of the pump.  These are all clearly factual allegations, not, as Defendant claims, "conclusory and formulaic recitations."  And they are factual allegations from which the Court can very plausibly infer that Defendant exhibited a "flagrant disregard" for the safety of those using Defendant's pump.

In short, the complaint here may be inartfully drafted in that it did not reference the particular sections of the Ohio Product Liability Act under which Plaintiffs seek relief, but it provides sufficient notice to Defendant of the nature of Plaintiffs' claims.  See, e.g., Erickson v. Pardus, 551 U.S. 89, 93 (2007), citing Twombly 550 U.S. at 555 (plaintiff's statement must "give the defendant fair notice of what the...claim is and the grounds upon which it rests.").  The federal rules still provide for notice pleading, not fact pleading, and Iqbal and Twombly did not rewrite the rules.  What Iqbal and Twombly do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action.  Where Conley v. Gibson, 355 U.S. 41 (1957) allowed for a wider no-set-of-facts possibility standard, Iqbal and Twombly slightly narrowed the field to complaints that set forth plausible, not merely possible, claims.  This is a difference in degree not kind, and Plaintiffs' complaint satisfies the standard.

**IV.  Conclusion**

For the foregoing reasons, the Court DENIES Defendant's

11

Motion to Dismiss (doc. 7).

      SO ORDERED.

Dated: November 16, 2010     <u>s/S. Arthur Spiegel</u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge